

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL J. LAPIERRE,<br>       Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA REPUBLICAN PARTY<br>and SOUTH CAROLINA ELECTION<br>COMMISSION,<br>       Defendants. | §<br>§<br>§<br>§ Civil Action No. 3:24-02281-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER DENYING PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING ORDER**

**I.    INTRODUCTION**

Plaintiff Michael J. LaPierre (LaPierre), a self-represented litigant, filed this civil action arising out of the South Carolina Republican Party's decision to not certify LaPierre as a candidate for the party's primary election for the United States House of Representative's Third Congressional District.

LaPierre claims that the South Carolina Republican Party decision violates Article I, Section 2 of the United States Constitution and the Fourteenth Amendment.  LaPierre seeks injunctive relief, including an "immediate emergency" injunction compelling the defendants to add LaPierre's name to the printed ballots—which, for printing purposes, he alleges must be submitted by April 26, 2024.  (Compl., ECF No. 1 at 1; Mot. Emergency Inj., ECF No. 5 at 1.)

The Court construes this motion as a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b).

## II.     STANDARD OF REVIEW

A plaintiff seeking a temporary restraining order or a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reissued in part by* 607 F.3d 355 (4th Cir. 2010), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1]

A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346-47.[2] Further,

> [a] preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.

*Winter*, 555 U.S. at 24 (internal quotation marks and citations omitted).

---

[1] The portions of *Real Truth* that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 21-23.

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Erickson*, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**III.     DISCUSSION AND ANALYSIS**

LaPierre's motion is denied because he has failed to comply with the procedural requirements of Federal Rule of Civil Procedure 65(b). A temporary restraining order should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that a court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party. Any temporary restraining order granted without notice must comply with the provisions of Rule 65(b) in order to assure the restrained party some

measure of protection in lieu of receiving formal notice and the opportunity to participate in a hearing." 11A Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2951 (3d ed. Apr. 2023).

Here, LaPierre's Complaint is not verified, nor did LaPierre provide an affidavit as Rule 65 requires. Furthermore, the substance of LaPierre's Complaint and motion fail to address why the court should issue a temporary restraining order before the defendants can be notified of the motion and heard in opposition. Thus, even assuming LaPierre can meet the *Winter* factors described above, LaPierre does not provide the court with a sufficient reason to enjoin the defendants before they can be served with notice of the motion and heard in opposition to the motion.

### IV.   CONCLUSION

Based on the foregoing, LaPierre's motion for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of April 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.